**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ABEL J. DEDEAUX    #L6562**                                                **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:16cv404-HSO-RHW**

**FRANK SHAW**                                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the Court is [1] Petitioner Abel J. Dedeaux's November 9, 2016 petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254.   Respondent Frank Shaw, Warden at East Mississippi Correctional Facility in Meridian, Mississippi timely filed his response to the petition along with the State Court Record.   [8], [9]   After reviewing and considering the pleadings, the records on file, and relevant legal authority, the undersigned is of the opinion that the petition for federal habeas relief should be denied.

### Facts and Procedural History

Abel J. Dedeaux is presently incarcerated at East Mississippi Correctional Facility (EMCF) serving a six year habitual offender sentence imposed following his guilty plea to possession of a firearm by a convicted felon.   A Harrison County grand jury indicted Dedeaux for the crime on October 14, 2013, and the trial court later allowed amendment of the indictment to charge Dedeaux as a habitual offender.   On August 21, 2014, Dedeaux executed a petition to plead guilty, and entered a plea of guilty to the charge.   [9-1, p. 104-06], [9-2, pp. 7-22]   The court accepted the plea and found Dedeaux guilty of possession of a firearm after conviction of a felony, but deferred sentencing to allow Dedeaux to attend his grandmother's funeral over the weekend.   [9-1, p. 92]   When Dedeaux appeared for sentencing on August 25, 2014, the court asked if he had anything to say before sentence was imposed, and Dedeaux began complaining

about his attorney's not filing certain motions and moved *ore tenus* to set aside his guilty plea. The trial court initially granted the request, but upon further consideration decided not to set the plea aside, and reinstated the guilty plea which the court found Dedeaux had voluntarily and intelligently entered.   The court sentenced Dedeaux to serve six years day for day in custody of the Mississippi Department of Corrections.   [9-1, pp. 8, 73, 92-96]   In September 2014, Dedeaux filed a motion for reconsideration and a written motion to withdraw his guilty plea. The trial court denied those motions September 18, 2014.

On January 13, 2015 Dedeaux filed a motion for post-conviction relief in the state court, followed by a "Petition for Writ of Mandamus" on January 26, 2015.   [9-1, pp. 10-73, 109-125] In ruling on these motions, the trial court deemed the Petition for Writ of Mandamus a part of the post-conviction motion, noting that it "is a continuation of Dedeaux's original motion for post-conviction collateral relief and asserts additional grounds for post-conviction relief."   [9-1, p. 126, n.1]   In his post-conviction motion Dedeaux claimed the trial court erred in denying his motions to withdraw the guilty plea and for reconsideration; his counsel provided ineffective assistance; his indictment was defective; the state's evidence was insufficient, false and/or conflicting; and that habitual offender status was not proven, thereby rendering his sentence illegal.   After carefully addressing Dedeaux's issues the trial court denied the motion for post-conviction relief on February 18, 2015.   [9-1, pp. 126-134]   Dedeaux appealed.

On May 17, 2016, the Mississippi Court of Appeals affirmed the denial of post-conviction relief, holding the trial court did not abuse its discretion by reversing its initial decision to allow Dedeaux to withdraw his guilty plea and reinstating the plea; that trial counsel was not ineffective for, among other things, failing to make certain objections or to file a motion to suppress; that sufficient evidence established Dedeaux's habitual offender status; and his

guilty plea waived the right to have the State prove each element of the offense beyond a reasonable doubt.  *Dedeaux v. State*, 205 S03d 697 (Miss. App. 2016), *rehearing denied* September 20, 2016, *cert. denied* December 8, 2016.   Dedeaux filed this habeas action November 9, 2016.

In his federal habeas petition, which Dedeaux signed on October 20, 2016, he raised the following grounds for relief:

Ground One.   Ineffective assistance of counsel for (a) failing to pursue a motion to suppress, (b) failing to investigate, (c) erroneously advising him to plead guilty and (d) conflict of interest.

Ground Two.   Trial court erroneously failed to either appoint new counsel or allow Dedeaux to retain another attorney when he withdrew his guilty plea.

Ground Three.  Defective indictment because the habitual offender portion did not conclude with "against the peace and dignity of the State of Mississippi."

Ground Four.   Illegal habitual offender sentence due to faulty indictment (Ground Three).

(Dedeaux asserts in Ground Four "the same grounds as he [raised] below," which are addressed by Respondent as Grounds Five – Seven).

Ground Five.   Defect in indictment for failure to charge "unlawful possession" and failure to charge a crime.

Ground Six.   Abuse of discretion in trial court's rescinding its order granting the motion to withdraw guilty plea.

Ground Seven.   Lack of factual basis for plea.

[1, pp. 5-11]   Respondent first urges dismissal of Dedeaux's Ground One (b) and Ground Two as procedurally barred from federal review because Dedeaux failed to present those claims to the state's highest court before filing suit.[1]   Dedeaux includes both the investigation and the new

---

1 Dedeaux checks "yes" with respect to whether all grounds for relief have been presented to the highest state court, but he admits his petition for writ of certiorari was then still pending before the Mississippi Supreme Court.   [1, p. 11-12]

counsel issues under his ineffective assistance claim before this Court, indicating he exhausted the grounds "before the Mississippi State Supreme Court," and citing to unidentified exhibits; the post-conviction motion appealed to the state's high court contains no such grounds for relief.

<u>Law and Analysis</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241, *et seq.* controls the scope of federal habeas review of claims by persons under state court convictions and sentences. The AEDPA provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c). To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-732 (1991); *Nickleson v. Stephens*, 803 F.3d 748, 752 (5th Cir. 2015). Dedeaux

presented no claims of lack of investigation or failure to appoint, or allow him to retain, different

counsel in either his post-conviction motion or his appeal from the denial of that motion.

Because they were never fairly presented to the state court, the undersigned is of the opinion that

Dedeaux's Grounds One(b) and Two have not been exhausted, and should be dismissed as

procedurally barred from review by this Court.   *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.

1995); *O'Sullivan v. Boerckel*, 526 U.S. at 848.

      The Court reviews Dedeaux's remaining grounds under 28 U.S.C. § 2254(d) and (e).

The statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.
>
> (e)    (1)   In a proceeding instituted by an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court, a
> determination of a factual issue made by a State court shall be presumed to
> be correct.   The applicant shall have the burden of rebutting the
> presumption of correctness by clear and convincing evidence.

The reviewing court defers to the state court's factual findings, which are presumed correct

unless the Petitioner proves otherwise by clear and convincing evidence.   *Schriro v. Landrigan*,

550 U.S. 465, 473–74 (2007).

      Subsection (d)(1) applies to questions of law and mixed questions of fact and law such as

those presented in the instant case.   *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999), *reh'g*

*denied* April 28, 2000.   Federal habeas relief is not available unless this Court finds the state

court decision was contrary to, or involved an unreasonable application of, clearly established federal law to the facts.   Clearly established Federal law is that which exists at the time of the last state court decision on the merits of the claim.   *Greene v. Fisher*, 565 U.S. 34, 40 (2011).   A state court decision is contrary to federal law if it applies a rule different from the governing law set forth in United States Supreme Court decisions or if it reflects a conclusion opposite to one reached by the Supreme Court on a set of materially indistinguishable facts.   *William*s, 529 U.S. 362, 407-412 (2000); *Bell v. Cone*, 535 U.S. 685, 694 (2002).   A state court decision unreasonably applies federal law if it correctly identifies the governing law but applies it unreasonably to the facts of the case; this must be an objectively unreasonable application of federal law, not merely an erroneous or incorrect application.   *Williams*, 529 U.S. at 407-408; *Bell*, 535 U.S. at 594.   As the Court stated in *Schriro v. Landrigan*, 550 U.S. at 473–74, the question under AEDPA "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold...."   *See also Renico v. Lett*, 559 U.S. 766, 773 (2010).

A prisoner's claim of ineffective assistance of counsel is governed by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that the prisoner show (1) deficient performance, *i.e.*, that counsel's performance fell below an objective standard of reasonableness, *and* (2) prejudice, *i.e.*, that but for counsel's errors the result of the proceeding would have been different, or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable.   *Id.*, at 687-694; *Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998).   The prisoner must satisfy both prongs of the test.   *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).   Judicial scrutiny of an attorney's performance is highly deferential, requiring "every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct of the counsel's perspective at the time." *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). There is a strong presumption that counsel has exercised reasonable professional judgment, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986); *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Both the trial court and the state appellate court judged Dedeaux's ineffective assistance claims by the *Strickland* standard and found he failed to make the required showing. For federal habeas relief, the test is whether the state court's decision was contrary to, or an unreasonable application of, the correct standard (*Strickland*) provided by clearly established law. *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004); *see also Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009) (doubly deferential judicial review standard applies to *Strickland* claim evaluated under § 2254(d)(1)). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 787-788 (2011).

In Ground One, Dedeaux urges his retained counsel provided ineffective assistance by failing to file motions, advising him to plead guilty, and due to a "conflict of interest." Dedeaux's attorney knew the State was seeking to amend the indictment to charge Dedeaux as a habitual offender based on his prior convictions which made him susceptible to indictment under either of Mississippi's habitual offender statutes: Miss. Code Ann. §99-19-81 which would subject him to the maximum sentence allowed by statute[2] to be served day for day; Miss. Code Ann. §99-19-83 which would subject him to life imprisonment without parole. In exchange for

_____

2 Ten years under Miss. Code Ann. § 97-37-5, for possession of a weapon after conviction of a felony.

his guilty plea, the State offered to seek amendment under §99-19-81 and recommend only a six-year sentence.   Dedeaux's attorney deemed this a good deal for one potentially facing life without parole if convicted at trial, and so advised Dedeaux.   Counsel also believed, and the prosecutor confirmed, that the offer would not remain if Counsel filed and pursued motions in the case.   In addition to these considerations, it is undisputed that there was a gun in Dedeaux's car when he was stopped for a traffic violation and that Dedeaux had previously been convicted of felonies; and the prosecution noted that in a recorded statement Dedeaux said he had purchased the gun, although Dedeaux apparently disputes the statement.   The state courts understandably denied Dedeaux's claims of ineffectiveness of counsel in making strategic decisions not to pursue motions in the case and to recommend that Dedeaux plead guilty to obtain the favorable recommendation.   Under the doubly-deferential standard this Court must apply, the undersigned finds that decision involves nothing contrary to clearly established federal law, no unreasonable application of clearly established federal law, and no unreasonable determination of the facts in light of the evidence.

Dedeaux's allegation that his counsel was ineffective due to a conflict of interest, without identifying what the conflict was, provides no basis for habeas relief.   As the Fifth Circuit stated in *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).   The undersigned finds no merit in Petitioner's Grounds One (a), (c), and (d).

Dedeaux next contends the habitual offender portion of his indictment was insufficient for failing to conclude with the words "against the peace and dignity of the State of Mississippi," and that this defect renders his habitual offender sentence illegal.   The quoted phrase is required by Miss. Constitution §169, thus it presents a state law issue rather than a constitutional question

and provides no basis for federal habeas relief. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (federal court is bound by state court's interpretation of state law, and state's interpretation of its own laws or rules provides no basis for federal habeas relief as no constitutional question is involved). A federal habeas Court does not "sit as a 'super' state supreme court ... to review errors under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Mere errors of state law do not equate to a denial of due process and do not provide grounds for federal habeas relief. *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). Federal courts have no supervisory power over state judicial proceedings, and federal habeas relief is warranted only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips*, 455 U.S. 209, 221 (1982). The sufficiency of a state indictment is not a matter for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir.1980). Where the state courts have held an indictment sufficient under state law, a federal court need not address that issue. *McCay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

As Respondent points out, Mississippi courts have found no defect in an indictment amended to include a habitual offender provision; and an order amending an indictment to include such a provision which did not specify the insertion point of the habitual charge is not a new indictment requiring the §169 concluding language. *Holifield v. State*, 852 So.2d 653, 657 (Miss. Ct. App. 2003); *Jones v. State*, 902 So.2d 593, 596 (Miss. Ct. App. 2004). Furthermore, Mississippi law holds that a guilty plea waives all defects of form curable by amendment.[3] *Buford v. State*, 756 So.2d 815, 817 (Miss. Ct. App. 2000). Absent the claimed defect, there is no basis for the claim that the habitual offender sentence was illegal.

---

3 Mississippi has held that failure to conclude an indictment with the language of Miss. Constitution §169 is curable by amendment. *Brandau v. State*, 662 So.2d 1051, 1055 (Miss. 1995).

The undersigned likewise finds no merit in Dedeaux's claim that his indictment did not properly charge him with a crime because it failed to allege "unlawful possession" of a firearm. The original indictment plainly tracks the language of Miss. Code Ann. § 97-37-5, charging that Dedeaux knowingly, willfully and feloniously possessed a firearm after he had been convicted of the felony of robbery.  [9-1, p. 8]   In *Berry v. State*, 996 So. 2d 782, 789 (Miss. 2008), the Mississippi Supreme Court stated, "The term feloniously means unlawfully with the intent to commit a felony-grade crime." (citing *Allman v. State,* 571 So.2d 244, 248 (Miss. 1990)). *See also Deal v. State,* 589 So.2d 1257, 1260 (Miss. 1991) (felonious "means done with criminal intent").   The State's April 3, 2014 motion to amend to charge Dedeaux as a habitual offender identifies his prior convictions by date, crime, cause number and sentence, and the robbery conviction in the motion to amend is the same felony conviction recited in the original indictment.  [9-1, pp. 85-7]   As reflected in his sworn petition to enter a guilty plea,    Dedeaux was fairly on notice of the crime charged against him and that he was being charged as a habitual offender.  [9-1, p. 105, ¶ 8]

The last two grounds for relief Dedeaux urges are that the trial court erred in denying his motion to withdraw or set aside his guilty plea, and that there was an insufficient factual basis for the guilty plea.  Dedeaux's sworn petition to enter a plea of guilty and the transcript of his sworn testimony at the guilty plea hearing demonstrate that his plea was freely and voluntarily entered: he was under the influence of no drugs (including prescription drugs) or alcohol and was not being treated for any mental condition; he had a ninth grade education, was able to read and write, had read and gone over the petition to enter a plea with his lawyer, understood the petition and agreed that everything in the petition was true and correct; he was satisfied with the services of his attorney; he wanted to plead guilty because he was in fact guilty; he was aware of the rights he would waive by pleading guilty; his plea was not due to any force, threat, coercion or

duress; he had not been promised any specific sentence and was aware of the potential sentence which could be imposed; he had been previously convicted of two felonies, one of which - robbery- is a crime of violence, and any sentence imposed would be served day for day without parole; and the decision to plead guilty was his and his alone.   [9-1, pp. 104-107], [9-2, pp. 10-22]   Under Mississippi law, a guilty plea is valid if it is voluntarily and intelligently made, and the decision of whether to allow a defendant to withdraw a valid guilty plea lies within the discretion of the trial court.   *Burrough v. State*, 9 So.3d 368, 372-373 (Miss. 2009); *Britton v. State*, 130 So.3d 90, 94 (Miss. Ct. App. 2013), *cert. denied* Jan. 16, 2014.   The state court found no abuse of discretion in the trial court's reversal of its initial decision allowing Dedeaux to withdraw his guilty plea.   The undersigned finds nothing contrary to clearly established federal law in that holding, nor does the decision involve any unreasonable application of clearly established federal law or any unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent."   *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985)."

Dedeaux admits in paragraph 13 of his sworn petition to enter a guilty plea that he possessed the gun [9-1, p. 106]; he testified under oath that the gun was on the seat in his car when he was stopped for a traffic violation.   [9-2, pp. 20-21]   In both the petition and the hearing, Dedeaux admitted he had previously been convicted of felonies.   And the prosecutor pointed out that following his arrest, Dedeaux gave a recorded statement in which he said he had bought the gun.   The state appellate court found the guilty plea valid, and the Mississippi Supreme Court denied *certiorari* review.   *Dedeaux*, 205 So.3d at 702.   As the Fifth Circuit stated in *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir. 1983], "the due process clause

imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless … the state judge is put on notice that there may be some need for such an inquiry (as, for example when the accused asserts his innocence)."   The undersigned is of the opinion that the record contains ample factual basis to support the plea, but in any event, the undersigned finds the state court decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence.

## RECOMMENDATION

The undersigned finds federal habeas relief is not warranted under any of the grounds asserted by Dedeaux and recommends that his petition for habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects.   *L.U.Civ.R.* 72(a)(3).   The District Court need not consider frivolous, conclusive, or general objections.   The opposing party must file responses to objections within seven days after service or give notice that he does not intend to respond.   Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 27th day of September 2019.

/s/ *Robert H. Walker*
_____
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE