# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ABEL J. DEDEAUX**                                                      **PETITIONER**

**v.**                                          **CIVIL NO. 1:16cv404-HSO-RHW**

**FRANK SHAW**                                                          **RESPONDENT**

## MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION [21] TO AMEND, OVERRULING PETITIONER'S OBJECTIONS [18], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16], AND DENYING PETITIONER'S PETITION [1] FOR WRIT OF HABEAS CORPUS

BEFORE THE COURT are Petitioner Abel J. Dedeaux's Motion [21] to Amend Reply and his Objections [18] to United States Magistrate Judge Robert H. Walker's Report and Recommendation [16], which recommends denial of Dedeaux's Petition [1] for Writ of Habeas Corpus.   After due consideration of the Report and Recommendation [16], the submissions of Dedeaux and Respondent, and relevant legal authority, the Court finds that Dedeaux's Motion [21] to Amend Reply should be granted, Dedeaux's Objections [18] should be overruled, that the Magistrate Judge's Report and Recommendation [16] should be adopted, and that Dedeaux's Petition [1] for Writ of Habeas Corpus should be denied.

## I.   BACKGROUND

Petitioner Abel J. Dedeaux ("Dedeaux") is presently incarcerated at East Mississippi Correctional Facility ("EMCF") serving a six-year sentence following a guilty plea in state court to possession of a firearm by a convicted felon.   Pet. [1] at

1. The events in the state trial court leading up to the entry of Dedeaux's guilty plea form the grounds upon which he bases his Objections to the Report and Recommendation.

A. State trial court proceedings

On October 14, 2013, Dedeaux was indicted in the Circuit Court of Harrison County, Mississippi, First Judicial District, under Mississippi Code § 97-37-5, for unlawful possession of a firearm by a convicted felon. State Ct. R., Volume 3 [9-3] at 186. The indictment alleged that Dedeaux had been previously convicted of a felony, namely robbery, on July 14, 2003. *Id.* Judge Michael H. Ward presided over the relevant trial court proceedings, and Dedeaux was represented by his retained attorney, Theressia Lyons ("Lyons"). State Ct. R., Volume 2 [9-2] at 2.

On August 21, 2014, Dedeaux attended a hearing on a motion to amend the indictment filed by the State. *Id.* During this hearing, Lyons advised the court that Dedeaux had decided not to plead guilty. *Id.* She also stated that she had advised Dedeaux that the "state had a motion to amend his indictment to reflect him as a life habitual offender" and that she had no defenses to that motion. *Id.* Before the motion to amend Dedeaux's indictment could be heard, the court spoke to Dedeaux about the consequences of a conviction pursuant to Mississippi Code § 99-19-83, under which certain habitual offenders must be sentenced to life imprisonment. *Id.* at 6-7. The court addressed Dedeaux as follows:

> But do you understand Mr. Dedeaux, that if [the prosecutor] prevails on
> his motion to amend the indictment, and Ms. Lyons is your attorney,
> and she's announced to the court that there's really no defense that she
> can present to prevent the state from being able to amend the

indictment, that if you get convicted, that you're going to take your last breath at Parchman, that if you live to be 72 years, you're going to spend 40 years in the penitentiary? Your last breath on earth will be taken there.

*Id.* at 6.   Following this, Dedeaux was given another opportunity to speak with

Lyons.   *Id.* at 7.   When he returned from doing so, he changed his plea to guilty.

*Id.* at 8.   The court conducted a plea colloquy in which Dedeaux admitted under

oath that he was guilty and that he was pleading guilty knowingly and voluntarily.[1]

*Id.* at 10-22.

Relevant to this proceeding, Dedeaux did not specifically orally acknowledge

during the plea colloquy that he was in possession of the firearm.   *Id.* at 20-21.

Instead he stated that another individual had jumped out of the car prior to the

police pulling Dedeaux over and left the firearm in the vehicle.   *Id.* at 21.

However, Dedeaux had previously made a recorded statement to the police that he

had purchased the firearm in question from his brother.   *Id.* at 23.   The Petition to

Enter Plea of Guilty, signed by Dedeaux, also stated that he possessed the firearm.

State Ct. R., Volume 1 [9-1] at 106.   The court accepted Dedeaux's plea and

sentencing was set for Monday, August 25, 2014.   *Id.* at 22-25.

On August 25, 2014, Dedeaux asked to withdraw his guilty plea so that he

could present a motion to exclude evidence.   *Id.* at 28.   The proposed motion

challenged the arresting officer's probable cause for the traffic stop that led to

Dedeaux's arrest.   *Id.*   The state court permitted Dedeaux to withdraw his plea

---

[1] Due to Dedeaux's decision to enter a guilty plea, the State did not go forward with its motion to amend the indictment.

and set trial for the following day.  *Id.* at 30-31.   Dedeaux requested leave to hire a new attorney and for additional time to prepare for trial, which the court denied. *Id.* at 31-32.

The following day, August 26, 2014, the court sua sponte reinstated Dedeaux's guilty plea.   *Id.* at 32-34.   The court found that its prior decision was improvidently made and that Dedeaux's guilty plea was valid.   *Id.* at 33-34.   At this point, Dedeaux requested a venue change because, according to him, Judge Ward had sentenced him to "juvenile life"[2] and "had a vendetta with [his] father." *Id.* at 35.   According to Dedeaux, during a previous juvenile proceeding, Judge Ward had purportedly commented that Dedeaux's father was a "poor excuse for a father."  *Id.* at 36.   Judge Ward responded that he did not remember Dedeaux or his father, but in reference to his previous statements concerning Dedeaux's father that "[h]e probably was."   *Id.* at 36.   Dedeaux was then sentenced to six years imprisonment, day for day, pursuant to Mississippi Code § 99-19-81.   *Id.* at 37.

Dedeaux filed a Motion for Reconsideration on September 5, 2014, State Ct. R., Volume 1 [9-1] at 97, followed by a written Motion to Withdraw Guilty Plea on September 12, 2014, *id.* at 92.   The trial court denied both Motions on September 18, 2014.   *Id.* at 120.

B.      /State post-conviction relief proceedings/

---

[2] The record does not contain any evidence of the sentence Dedeaux received as a juvenile offender beyond his own statements made during the hearing on August 26, 2014.   State Ct. R., Volume 2 [9-2] at 35.

Dedeaux filed a Motion for Post-Conviction Collateral Relief Pursuant to Mississippi Code § 99-39-1 in the Harrison County Circuit Court on January 13, 2015. *Id.* at 5. This was followed by a Petition for Writ of Mandamus on January 26, 2015. *Id.* The court considered these Motions together and denied them on February 18, 2015. *Id.* at 126. Dedeaux filed a Notice of Appeal on March 2, 2015. *Id.* at 137.

On May 17, 2016, the Court of Appeals for the State of Mississippi affirmed the denial of post-conviction relief. State Ct. R., Volume 3 [9-3] at 74. Dedeaux filed a Petition for Writ of Certiorari with the Supreme Court of Mississippi on October 10, 2016, State Ct. R., Volume 5 [9-5] at 3, which was denied on December 5, 2016, *id.* at 2.

Dedeaux timely filed the present Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on November 9, 2016. Pet. [1]. He raised seven grounds for relief, *id.* at 2-11, as follows:

1. Ineffective assistance of counsel for (a) failing to pursue a motion to suppress, (b) failing to investigate, (c) erroneously advising him to plead guilty, and (d) conflict of interest;
2. The trial court erroneously failed to appoint new counsel or permit Dedeaux to retain another attorney;
3. Defective indictment for failing to conclude with "against the peace and dignity of the State of Mississippi;"
4. His habitual offender sentence is illegal due to the faulty indictment;
5. The indictment omitted the requirement that the possession of the firearm be unlawful;
6. The trial court abused its discretion by rescinding its order granting the motion to withdraw guilty plea;
7. Lack of factual basis for plea.

Pet. [1] at 5-9.

Respondent Frank Shaw ("Respondent") filed a Response [8] to the Petition on February 28, 2017. Resp. [8]. On September 27, 2019, Magistrate Judge Robert H. Walker issued a Report and Recommendation [16], recommending the denial of Dedeaux's Petition. R. & R. [16] at 12. Dedeaux filed Objections [18] to the Report and Recommendation, Obj. [18], to which Respondent filed a Response [19] in Opposition, Resp. in Opp'n [19]. Dedeaux then filed a Reply [20] and a Motion [21] to Amend Reply on November 13, 2019, and November 27, 2019, respectively. No objection has been filed by Respondent to the Motion to Amend Reply, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court is aware of no reason why this Motion should not be granted and thus it will consider Dedeaux's Amended Reply.

## II. DISCUSSION

### A. Standard of review

Because Dedeaux has filed Objections to the Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)). A court is not

required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Dedeaux has not objected to the Report and Recommendation's conclusions as to Grounds Three, Four, and Five in his Petition. To the extent Dedeaux does not object to portions of the Report and Recommendation, the Court need not conduct a de novo review of those portions. 28 U.S.C. § 636(b)(1). The Court need only review the Report and Recommendation and determine whether those portions to which Dedeaux does not object are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court has done so here and finds that the portions to which Dedeaux does not object, which pertain to the Report and Recommendation's findings as to Dedeaux's Grounds Three, Four, and Five, are neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation as to these Grounds.

Dedeaux objects to the factual and legal reasoning in the Report and Recommendation as to Grounds One, Two, Six, and Seven. Obj. [18]. The Court will review the objections to Grounds One(b) and Two first, which the Report and Recommendation found to be procedurally barred. R. & R. [16] at 4. It will then separately address Dedeaux's remaining substantive objections, Grounds One(a), One(c), One(d), Six, and Seven.

B.     Grounds One(b) and Two (unexhausted grounds)

1.    The exhaustion requirement

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-2254 ("AEDPA"), controls the scope of federal habeas review of claims made by persons under state court convictions and sentences.   AEDPA provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

To satisfy the exhaustion requirement, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).   To give the state courts this opportunity, federal habeas petitioners must first bring their claims through "one complete round of the state's established appellate review process."   *Id.* at 845.   This includes filing petitions for discretionary review with the highest court of the state when that review is part of the ordinary appellate review procedure in the state.   *Id.* at 847.   There are two exceptions to this rule: (1) where there is an absence of an available state corrective

process; or (2) where circumstances exist that render such a process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B).

A claim that has been procedurally defaulted may nevertheless be reviewed by a federal habeas court if the petitioner demonstrates cause for the default and resulting prejudice or can show "that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

2.    Ground One(b)

In Ground One(b), Dedeaux asserts that his counsel, Lyons, was ineffective because she failed to investigate the factual basis for the charges against him. Pet. [1] at 5. Because Dedeaux did not raise this claim in his Petition for Writ of Certiorari to the Mississippi Supreme Court, the Report and Recommendation found that it was procedurally barred. R. & R. [16] at 4; *See* State Ct. R., Volume 5 [9-5] at 8-10. Dedeaux objects to this finding, stating that Ground One(b) is an issue of fundamental fairness, Obj. [18] at 10, and should be addressed on the merits instead of being dismissed because of a purported procedural defect, *id.* at 10-11.

Dedeaux presented a number of issues in his Petition for Writ of Certiorari to the Supreme Court of Mississippi, including: (1) the amended indictment was fatally defective for failing to include "against the peace and dignity of the state," and for failing to allege the crime in the body of the indictment; (2) he was never informed of the true nature of the charge against him or the consequences of it, making his guilty plea involuntary; (3) an evidentiary hearing was required to determine whether his plea was involuntary due to erroneous information and

whether his attorney had promised to make a motion before trial; (4) there was insufficient evidence offered by the State to prove beyond a reasonable doubt each element of the charged offense; (5) his attorney was ineffective for failing to object to the indictment, which omitted the requirement that the possession of a firearm be unlawful; (6) his counsel was ineffective by failing to object to the State's motion to amend the indictment, which failed to conclude with the words "against the peace and dignity of the state," by not advising Dedeaux of his right to appeal, by not advising him of the minimum or maximum sentence, and by failing to file certain motions.    State Ct. R., Volume 5 [9-5] at 8-10.

Notably absent from Dedeaux's Petition for Writ of Certiorari is any claim that his attorney was ineffective based upon her failure to investigate the factual basis for the charges against him.    While Dedeaux alleges other areas where his counsel was purportedly ineffective, such as her failure to make objections, file motions, and properly advise him, he fails to allege a failure to investigate. Dedeaux did not afford the state courts an opportunity to pass on the issue of Lyons's investigation of the factual basis for the charges against him before raising the claim in federal court.    The Report and Recommendation was correct in finding that Ground One(b) was not exhausted.

Dedeaux maintains that Ground One(b) is an issue of fundamental fairness and the recommendation to procedurally bar it is "adverse to the administration of justice and contrary to clearly established U.S. Supreme Court precedent."    Obj. [18] at 10.    Contrary to Dedeaux's assertions, under 28 U.S.C. § 2254(d) "before a

federal court may grant habeas relief to a state prisoner, the prisoner *must* exhaust his remedies in state court." *O'Sullivan*, 526 U.S. at 842 (1999) (emphasis added). As noted above, two statutory exceptions to this rule are that a state corrective process was absent or that the process was ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B). Dedeaux has not alleged that state corrective procedures were absent or that the process was ineffective to protect his rights. It is difficult to imagine he could, as he presented other claims through a state corrective procedure, including other ineffective assistance of counsel claims. *See* State Ct. R., Volume 5 [9-5] at 8-10. The Magistrate Judge did not err in finding that Ground One(b) is procedurally barred for failing to exhaust state court remedies.

Dedeaux's contention that the exhaustion requirement should be excused because his counsel's failure to investigate was adverse to the administration of justice and contrary to clearly established Supreme Court precedent is insufficient. He does not argue the cause and prejudice exception to excusing the exhaustion requirement. *See Harris*, 489 U.S. at 262. To the extent Dedeaux's argument could somehow be construed as asserting a fundamental miscarriage of justice, it is likewise insufficient. The fundamental miscarriage of justice excuse to the rule "that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 757 (1991)). Beyond bare assertions that he

is actually innocent, Dedeaux has not made any persuasive showing or provided any evidence that he is actually innocent.

Because Ground One(b) is procedurally barred for failing to exhaust state court remedies, and no reason exists to excuse this default, this Ground should be dismissed.

3.    Ground Two

Ground Two is based upon the trial court's failure to appoint a new attorney or allow Dedeaux to retain another attorney when he attempted to withdraw his guilty plea.   Pet. [1] at 5.   The Report and Recommendation found that this ground was not raised in Dedeaux's Petition for Writ of Certiorari and recommended dismissing it as unexhausted.   R. & R. [16] at 5.   Dedeaux objects that Ground Two is not procedurally barred because he claims it was raised in the state appellate court, Am. Reply [21] at 7-8, and it constituted a structural defect, requiring reversal.   Obj. [18] at 9-10.   Had Ground Two been evaluated on the merits, Dedeaux believes the evidence supported a finding that he was deprived of his right to an attorney.   *Id.*

The denial of the right to choose one's counsel is a structural error.   *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).   However, "the term 'structural error' carries with it no talismanic significance . . . It means only that the government is not entitled to deprive the defendant of a new trial by showing that

the error was 'harmless beyond a reasonable doubt.'" *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017). Neither the Fifth Circuit nor the Supreme Court has yet addressed the question of what showing is necessary when a defendant does not preserve a structural error on direct review, but raises it later in federal habeas proceedings. *Id.* Thus, the Court will assume that the usual standard of cause and prejudice or a fundamental miscarriage of justice applies.

None of the grounds raised in Dedeaux's Petition for Writ of Certiorari related to the trial court's failure to either appoint a new attorney or to allow Dedeaux to retain one. Even if this had been raised as a ground for relief in the state appellate court, Dedeaux was required to include it in his Petition for Writ of Certiorari. As such, he did not give the state courts an opportunity to pass on the issue of whether or not he should have been permitted to retain a new attorney. Ground Two was not preserved on review before the state court. Dedeaux has also not argued that either of the statutory exceptions applies. As such, this claim is procedurally barred as unexhausted.

The Court next turns to the question of whether it may review an unexhausted allegation of structural error. Dedeaux alleges he was deprived of his choice of counsel when the state trial court failed to appoint him a new attorney upon his request. Obj. [18] 8-10. Unlike *Gonzalez-Lopez*, here the state has not conceded that this was an erroneous deprivation of Dedeaux's choice of counsel. *See Gonzalez-Lopez*, 548 U.S. at 148. Dedeaux has offered no additional support beyond his bare allegation, raised for the first time in this proceeding, that the state

trial court's denial of his request was an erroneous deprivation of choice of counsel.

Even assuming that Dedeaux's allegation was sufficient to state that the trial court deprived him of his right to choose his counsel, he has not carried his burden of showing cause or prejudice, or that a "fundamental miscarriage of justice" will result. *See Harris*, 489 U.S. at 262. While Dedeaux asserts that this deprivation constituted structural error, Obj. [18] at 10, Reply [20] at 7, Am. Reply [21] at 6, Dedeaux was required to make at least some showing that there was cause for the default and resulting prejudice, or a fundamental miscarriage of justice. Because he has failed to make any of these showings, Ground Two should be dismissed.

C.   Grounds One(a), One(c), One(d), Six and Seven (exhausted grounds)

1.   Legal standard

For a federal habeas court to grant relief on the merits of a properly exhausted claim, a state court's adjudication of that claim must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The question is not whether this Court believes the state court's determination was incorrect, but whether that determination was unreasonable. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In deciding this question, federal habeas courts must "presume the correctness of state courts' [sic] factual findings

unless applicants rebut this presumption with 'clear and convincing evidence.'"  *Id.* at 473-74.

2.  Grounds One (a), (c), and (d)

Grounds One(a), (c), and (d) allege that Lyons was ineffective as Dedeaux's trial counsel in that she failed to file a motion to suppress evidence, erroneously advised Dedeaux to plead guilty, and had a conflict of interest.  Pet. [1] at 5.  The Report and Recommendation found that under the deferential standard applied to federal habeas claims for ineffective assistance of counsel, the state court's decision rejecting these claims was not contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of facts in light of the evidence.  R. & R. [16] at 8.  It further found that Dedeaux's bare assertion of a conflict of interest did not afford a basis for habeas relief.  *Id.*

Dedeaux argues that the Report and Recommendation should have found that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of disagreement."  Obj. [18] at 7.  Dedeaux bases this argument on his belief that the state court misapplied the *Strickland v. Washington*, 466 U.S. 690 (1984), standard and that it failed to give Dedeaux an evidentiary hearing on the issue of ineffective assistance of counsel.  *Id.* at 5-6.  Dedeaux draws the Court's attention to portions of the State's argument in state court and the state appellate court's opinion where it was stated that there was a need for clarification of Dedeaux's arguments concerning ineffective assistance of counsel.  *Id.* at 6.  For this reason, Dedeaux

maintains that he was entitled to an evidentiary hearing in the state court on the issue of ineffective assistance of counsel. *Id.*

Dedeaux is correct that the state court found that the nature of his assertions made it impossible to determine whether Lyons was ineffective in her performance as Dedeaux's counsel. *Dedeaux v. State*, 205 So. 3d 697, 701 (Miss. Ct. App. 2016). It explained, however, that Dedeaux had the burden of proof on his ineffective assistance of counsel claim. *Id.* The state appellate court did evaluate the claim concerning Lyons's alleged failure to file motions and determined that the decision whether to file motions fell within the ambit of trial strategy and thus did not rise to the level of ineffective assistance of counsel. *Id.*

The state appellate court's findings relating to Dedeaux's ineffective assistance of counsel claims were not contrary to or unreasonable applications of the law, nor were they unreasonable in light of the facts. *See* 28 U.S.C. § 2254(d)(1). Under *Strickland*, the defendant bears the burden of proof on his ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 690. A convicted defendant is not entitled to an evidentiary hearing simply because he fails to carry that burden. *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996) ("A prima facie claim must be stated by the defendant in his petition to the lower court in order to obtain an evidentiary hearing on the merits of an ineffective assistance of counsel issue."). The state appellate court determined that Dedeaux had failed to carry his burden of proof on his ineffective assistance of counsel claim, *Dedeaux*, 205 So. 3d at 701, and

it was not required to then hold an evidentiary hearing on issues for which Dedeaux had failed to carry his burden of proof.

Even if Dedeaux was dissatisfied with Lyons's failure to file a motion, "trial management is the lawyer's province." *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018). Trial management includes "making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Id.* (internal quotations omitted). A motion to exclude evidence falls within this purview, and it was not clearly erroneous or contrary to law for the state court to find that Lyons was not ineffective for failing to file a motion to exclude evidence.

Following a de novo review, the Court is of the opinion that the Report and Recommendation correctly resolved the issue of Dedeaux's ineffective assistance of counsel claims raised in Grounds One(a), (c), and (d).

3. Ground Six

Ground Six of Dedeaux's Petition asserts that the trial court abused its discretion in rescinding its order to grant Dedeaux's Motion to Withdraw Guilty Plea. *See* Pet. [1] at 9 (referring the Court to Dedeaux's Petition for Writ of Certiorari); *see also* State Ct. R., Volume 3 [9-3] at 249. The Report and Recommendation concluded that based upon the plea colloquy the trial court conducted, Dedeaux's guilty plea was valid and the state court's decision was not a determination contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and did not constitute

an unreasonable determination of the facts in light of the evidence presented. The Magistrate Judge found that the state appellate court did not commit an error warranting federal habeas relief when it determined that the state trial court did not abuse its discretion in accepting the plea or in later reversing its initial decision to allow Dedeaux to withdraw it. R. & R. [16] at 11. Dedeaux objects to this analysis, stating that the plea was not knowingly, voluntarily, and intelligently made. Obj. [18] at 12. He bases this argument on his assertion that he was not advised of his rights, the nature of the consequences of the plea, or the charges against him until after he signed the Petition to Enter Plea of Guilty. *Id.* at 13.

It is true that Dedeaux signed the Petition to Enter Plea of Guilty at the beginning of the plea colloquy. State Ct. R., Volume 2 [9-2] at 14. However, Dedeaux confirmed under oath that he had reviewed the Petition to Enter Plea of Guilty with counsel. *Id.* at 11. He acknowledged that his attorney had answered his questions regarding the Petition to Enter Plea of Guilty, that everything within it was true and correct, and that he was in fact guilty. *Id.* The facts relating to Dedeaux's prior offenses were read into the record, after which time the trial court stated "Now, if everything that's contained in the petition that you have in front of you is true and correct, you may sign the petition." *Id.* at 14. At that point, Dedeaux signed the Petition to Enter Plea of Guilty. *Id.* The Petition contained all of the relevant information regarding the rights Dedeaux was waiving, State Ct. R., Volume 1 [9-1] at 104-05, the consequences of the plea, *id.* at 105, and the charges against him, *id.* at 105-06.

Furthermore, after signing the Petition to Enter Plea of Guilty, the court discussed with Dedeaux the rights he was waiving, State Ct. R., Volume 2 [9-2] at 14, the consequences of the plea, *id.* at 16, and the charges against him, *id.* at 16-20. At no point, either before or after he signed the Petition to Enter Plea of Guilty, did Dedeaux make the court aware that he had not been advised of his rights, the consequences of the plea, or the nature of the charges against him, and he verbally pled guilty after the trial court orally advised him of these matters. *Id.* at 20. Dedeaux's objection that his plea was not knowingly, voluntarily, and intelligently made is belied by the evidence. The record supports the conclusion that Dedeaux was aware of the rights he was waiving, the consequences of the plea, and the charges against him prior to entering his guilty plea.

For the first time in his Objections to Ground Six, Dedeaux raises two new issues: (1) that the plea was coerced because he wanted to proceed to trial, but the trial court judge informed him that if he did, he would most likely die in prison; and (2) that the judge was not impartial, "which is a structural error requiring automatic reversal and granting of the writ of habeas corpus." *Id.* at 20. Dedeaux bases the claim of bias upon the judge's prior interactions with Dedeaux and his comments about Dedeaux's father. *Id.* at 29. In his Petition for Writ of Certiorari to the Mississippi Supreme Court, Dedeaux did not raise the argument that the trial court coerced him to plead guilty or that the court was biased. He has made no showing of cause or prejudice for this default, or that a fundamental miscarriage of justice would result if this assertion is not considered. These arguments, raised

for the first time in Dedeaux's Objections, should be dismissed as procedurally barred for failing to exhaust state court remedies.

4.    Ground Seven

Ground Seven of Dedeaux's Petition asserts that there was not an adequate factual basis to support the plea.   *See* Pet. [1] at 9 (referring the Court to Dedeaux's Petition for Certiorari); *see also* State Ct. R., Volume 3 [9-3] at 51.   The Report and Recommendation found that the record contained a sufficient factual basis to support the plea, and that the state court's conclusion that there was a sufficient factual basis to support the plea did not constitute an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence.   R. & R. [16] at 12.   Dedeaux objects to this analysis, stating that he asserted a claim of actual innocence when he requested to withdraw his guilty plea and that he was entitled to an evidentiary hearing.   Obj. [18] at 31-32.

As noted previously, Dedeaux's plea was knowing, voluntary, and intelligent. When he sought to withdraw his plea, he did so on the basis of his counsel's failure to file a motion, not his innocence.   State Ct. R., Volume 2 [9-2] at 28.   The motion in question was based upon the arresting officer's purported lack of probable cause to initiate the traffic stop.   *Id.*   At no point did Dedeaux assert his actual innocence.   *Id.*   Under Mississippi law, the decision of whether or not a defendant may withdraw a valid guilty plea lies within the discretion of the trial court. *Burrough v. State*, 9 So. 3d 368, 372 (Miss. 2009).   The Court has already concluded that Dedeaux's guilty plea was valid and supported by a factual basis and thus, the

acceptance of the plea and its subsequent reinstatement were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). There was sufficient evidence in the record to find that Dedeaux was guilty of the charged offense and that his plea was valid. Thus, the Report and Recommendation properly determined that Ground Seven does not warrant federal habeas relief.

D.    Request for an evidentiary hearing

Dedeaux quotes at length from both the trial court transcript and Mississippi Court of Appeals decision in his case to highlight factual disputes. Obj. [18] at 6, 9, 12, 14-23, 25, 27, 28-29, 30, 32-33; Reply [20] at 2, 5. He requests an evidentiary hearing to resolve these purported disputes. Obj. [18] at 1-2; Reply [20] at 5; Am. Reply [21] at 12.

The Fifth Circuit Court of Appeals has explained that

[u]nder AEDPA, requests for evidentiary hearings are to be evaluated under the provisions of subsection 28 U.S.C. § 2254(e)(2). Where the habeas petitioner has failed to develop the factual basis of his claim due to his lack of diligence, he is only entitled to an evidentiary hearing if the applicant can show (1) that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and (2) the facts underlying the claim are "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense."

*Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(e)(2)). These exceptions are only applicable when the failure to develop the factual basis is not the result of the petitioner's lack of diligence. *Id.*

Where the failure to develop the factual basis of the claim in state court is not due to the petitioner's actions, the district court retains discretion over the decision to grant an evidentiary hearing, pursuant to Rule 8 of the Rules Governing § 2254 Cases. *Id.* In determining whether an evidentiary hearing is proper, the district court may expand the record and consider affidavits, exhibits, or other materials that cast light on the merits of the petition. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The facts which Dedeaux highlights as disputed are all based upon quoted portions of the trial court transcript. Obj. [18] at 6, 9, 12, 14-23, 25, 27, 28-29, 30, 32-33; Reply [20] at 2, 5. He does not rely on a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." *See Murphy*, 205 F.3d at 815 (quoting 28 U.S.C. § 2254(e)(2)). Rather, Dedeaux seems to argue that the facts underlying the claim are "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." *See* 28 U.S.C. § 2254(e)(2). It is on this basis that he requests an evidentiary hearing to evaluate his factual assertions.

Assuming, without deciding, that any failure to develop the factual basis in state court was not due to Dedeaux's actions, the Court finds that an evidentiary hearing is not necessary. It is true that portions of the trial court transcript Dedeaux quotes are as he describes. However, for the reasons the Court has explained, even accepting these facts as true, there is no basis for federal habeas relief. There is no need for an evidentiary hearing in this case. The Court has sufficient facts before it to make an informed decision on the merits of Dedeaux's claim. Therefore, the Court will accept the Magistrate Judge's determination that Dedeaux is not entitled to an evidentiary hearing in this Court.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Dedeaux's Objections [18] should be overruled, the Magistrate Judge's Report and Recommendation [16] should be adopted as the finding of the Court, and Dedeaux's Petition [1] for Writ of Habeas Corpus should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Abel Dedeaux's Motion [21] to Amend Reply is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Objections [18] filed by Petitioner Abel Dedeaux in this case are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [16], entered in this case on September 17, 2019, is **ADOPTED** as the finding of this Court. Dedeaux's Petition [1] for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of February, 2020.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE